UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No.: 05-54-KAJ |
| | ) | |
| ERIC DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS EVIDENCE

Defendant, Eric Davis, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Fed. R. Crim. P. 12(b) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to suppress any and all evidence obtained on or about April 20, 2005, during and after the stop of the automobile which Mr. Davis was driving, including any statements made by Mr. Davis.

In support of this motion Mr. Davis submits the following:

**I.   FACTUAL SUMMARY**

1.   On Wednesday April 20, 2005, at approximately 12:49 a.m., Mr. Davis was the operator of a silver GMC Yukon Denali bearing the Virginia tag JTN2438, which was driving southbound on I-295 in the toll plaza area immediately south of the Delaware Memorial Bridge.[1] Patrolman Sheeky of the Delaware River and Bay Authority Police was on patrol in this area and

---

[1] Any facts contained in this motion were taken from the Patrolman Sheeky's report prepared with regard to this case.  By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police report.  It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

alleges that the left front headlight of the vehicle was not operational. Patrolman Sheeky pulled behind the vehicle as it traveled southbound on I-295 in the direction of Route 9, activated his emergency equipment, and he pulled the vehicle over onto the left shoulder of southbound I-295.

2.  Patrolman Sheeky questioned Mr. Davis concerning matters unrelated to the traffic stop. This continued after Patrolman Sheeky issued Mr. Davis a written warning for his front headlight. Patrolman Sheeky next obtained a consent to search form from Mr. Davis. Patrolman Sheeky searched the vehicle and underneath the front passenger seat found two clear plastic baggies of a substance that was later tested and shown to be heroin. Patrolman Sheeky immediately arrested both Mr. Davis and a front seat passenger, Mr. Pettaway. Patrolman Sheeky then informed them of their Miranda rights. Neither Mr. Davis nor Mr. Pettaway waived his Miranda rights.

3.  Thereafter, Mr. Davis and Mr. Pettaway were taken to the Delaware River and Bay Authority Police Department for processing. At approximately 9:00 a.m. Special Agent David Hughes of the DEA initiated custodial interrogation of Mr. Davis. Agent Hughes asked Mr. Davis to sign a waiver of Miranda form, and Mr. Davis complied. During the interrogation, Mr. Davis made statements which the government will try to use against him at trial. This interrogation was video-taped.

## II. MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF AN ILLEGAL SEIZURE.

The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled "that a search conducted without a warrant issued upon probable cause is *per se* unreasonable subject only to a few specifically established and well-delineated exceptions." Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357). Where no probable cause

and no warrant exist for a subsequent search and seizure, suppression of any evidence recovered will be required. See United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985); United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3d Cir. 1980).

In a warrantless search case the government bears the burden of establishing that the search comes within one of the exceptions to the warrant requirement. See Coolidge v. New Hampshire, 403 U.S. 443 (1971); United States v. Jeffers, 342 U.S. 48 (1951). If the evidence was seized as a result of an illegal search, then the evidence obtained must be suppressed pursuant to the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

In this case, Mr. Davis asserts that the evidence was obtained following a seizure and search in violation of the Fourth and Fourteenth Amendments. There was no probable cause to further detain Mr. Davis after the object of the initial traffic stop was complete. Patrolman Sheeky's questioning of Mr. Davis concerning aspects that did not relate to the traffic stop, before after the object of the traffic stop was complete, violated the Fourth and Fourteenth Amendments to the Constitution by increasing the duration and the level of intrusiveness of the seizure. Mr. Davis asserts that at the moment the questioning by Patrolman Sheeky diverged from the traffic stop to unrelated matters, Patrolman Sheeky was in fact illegally using the traffic stop to try and develop probable cause and/or reasonable suspicion of other criminal activity. The United States Supreme Court has stated that "(i)t is nevertheless clear that a seizure that is lawful at its inception can violate the Fourth Amendment if its manner of execution unreasonably infringes interests protected by the Constitution." Illinois v. Caballes, 125 S. Ct. 834, 836 (2005) (citing United States v. Jacobaea, 466 U.S. 109, 124 (1984)). Mr. Davis asserts that any evidence obtained after Patrolman Sheeky violated the Fourth and Fourteenth Amendments must be suppressed as a violation of the fruit of the poisonous tree

doctrine. Wong Sun v. United States, 371 U.S. 471 (1963).

### III. MOTION TO SUPPRESS STATEMENTS AND ANY EVIDENCE DERIVED FROM THOSE STATEMENTS.

The defense also challenges the admissibility of any statements Mr. Davis may have made. The United States bears the burden of proof to establish by a preponderance of the evidence whether Mr. Davis made a knowing, voluntary and intelligent waiver of his Miranda rights. This Court must make this determination considering the "totality of the circumstances." Oregon v. Bradshaw, 462 U.S. 1038, 1046 (1983)(quoting Edwards v. Arizona, 451 U.S. 476, 486 n. 9 (1981)).

Mr. Davis advances that he was interrogated by Agent Hughes in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth and Sixth Amendments to the United States Constitution. Mr. Davis asserts that the statements were obtained in violation of Miranda in that they were not the result of a knowing, intelligent and voluntary waiver of his right to remain silent and his right to counsel. See Edwards v. Arizona, 451 U.S. 477, 485 (1981); Michigan v. Mosley, 423 U.S. 96, 100-101 (1975); Miranda, 384 U.S., at 473-474. Furthermore, Mr. Davis objects to any evidence that was later obtained based on the fruit of the poisonous tree doctrine. Wong Sun v. United States, 371 U.S. at 487-488.

Wherefore, Mr. Davis respectfully requests an evidentiary hearing on this motion and an opportunity to support this motion by letter memoranda or briefing after the hearing. Thereafter, Mr. Davis requests this Court to issue an order suppressing the noted evidence.

    /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Defendant Eric Davis

DATED: June 30, 2005

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant's Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on June 30, 2005 to:

April Byrd, Esquire
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19801

/s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
Email: ecf_ck@msn.com
Attorney for Defendant Eric Davis